**Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |
| In re: : | Chapter 11 |
| : | |
| JOHNSON BROADCASTING, INC., et al., : | Case No. 08-36583 |
| : | |
| Debtors. : | Jointly Administered |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

**BIDDING PROCEDURES FOR THE AUCTION OF**
**CERTAIN ASSETS OF THE DEBTORS**

Johnson Broadcasting, Inc. and Johnson Broadcasting of Dallas, Inc., as Debtors and Debtors in Possession (collectively, the "Debtors") and Frank Higney, as Limited Purpose Fiduciary ("LPF") set forth below the following bid procedures (the "Bidding Procedures") to be employed in connection with an auction (the "Auction") for the sale of substantially all of Debtors' assets (the "Station Assets").

I.  **Assets to be Sold**

The Auction shall consist of the Station Assets, which are described in the Asset Purchase Agreement (the "Stalking Horse APA") by and among Una Vez Mas Houston, LLC (the "Stalking Horse Bidder") and Frank Higney, in his capacity as Bankruptcy Court-approved Limited Purpose Fiduciary on behalf of the Debtors.

II. **Confidentiality Agreements**

Upon execution of a valid confidentiality agreement, in form and substance satisfactory to the LPF and the Debtors, any party that wishes to conduct due diligence on the Station Assets may be granted access to information available that has been or will be provided to the other bidders.

HOU:2916352.4

### III. <u>Bid Deadline</u>

Any person or entity interested in participating in the Auction must submit a Qualifying Bid on or before a date to be set by the Court consistent with the Timeline for Confirmation of Plan of Reorganization or Sale of Debtors' Assets (the "Timeline") set forth on Exhibit D to the Debtors Motion to Approve Procedures[1] (the "Bid Deadline") in writing, to:

    i.    Counsel to the Debtors:
           Timothy A. Davidson II
           Andrews Kurth LLP
           600 Travis, Suite 4200
           Houston, Texas 77002

    ii.    LPF for the Seller:
           Frank J. Higney
           Kalil & Co., Inc.
           6363 N. Swan Road, Suite 200
           Tucson, Arizona 85718

    iii.    Counsel to the Stalking Horse Bidder
           Toby L. Gerber
           Fulbright & Jaworski LLP
           2200 Ross Ave., Ste. 2800
           Dallas, Texas 75201

    iv.    Counsel to Merrill Lynch Commercial Finance Corp.
           Leslie M. Luttrell
           Morgan & Luttrell, L.L.P.
           711 Navarro, Suite 210
           San Antonio, Texas 78205

### IV. <u>Qualifying Bids</u>

In order to participate in the bidding process and be deemed a "Qualifying Bidder," each potential bidder must submit a "Qualifying Bid" by the Bid Deadline. To constitute a Qualifying Bid, a bid must:

    i.    Be in writing;

---

[1] Debtors' Motion for an Order (I) Approving the Stalking Horse APA, (II) Approving Bidding Procedures for an Auction of Debtors' Assets, (III) Scheduling the Date for the Auction, (IV) Approving the Proposed Sale Notice, and (V) Setting Certain Dates Related to the Sale of the Station Assets.

-3-

ii. State that such bidder offers to purchase the Station Assets upon the terms and conditions substantially as set forth in the Stalking Horse APA;

iii. State that such bidder is prepared to enter into a legally binding purchase and sale agreement for the acquisition of the Station Assets on terms and conditions no less favorable to the Debtors than the terms and conditions contained in the Stalking Horse APA;

iv. Include a clean and duly executed Station Assets Purchase Agreement (the "Modified APA") and a "blacklined" comparison against the Stalking Horse APA to show any changes requested by the bidder. All Modified Purchase Agreements must be on substantially the same terms and subject to the same conditions as set forth in the Stalking Horse APA;

v. State that such bidder is financially capable of consummating the transactions contemplated by the Modified APA;

vi. Include such financial and other information that will allow the LPF and the Debtors to make a reasonable determination as to the bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA;

vii. Identify with particularity each and every executory contract and unexpired lease that is to be assumed and assigned pursuant to the Modified APA;

viii. Not request or entitle the bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment;

ix. Fully disclose the identity of each entity that will be bidding for the Station Assets or otherwise participating in connection with such bid, and the complete terms of any such participation;

x. Not contain any due diligence or financing contingencies of any kind;

xi. Include evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery, and closing of the Modified APA; and

xii. Include a cash deposit equal to ten percent (10%) of the amount offered to purchase the Station Assets (the "Good Faith Deposit");

xiii. Be in an amount at least $800,000 greater than the purchase price set forth in the Stalking Horse APA (*i.e.*, $15,625,000.00), which amount includes the Stalking Horse Bidder's "Break-Up Fee" of $700,000 and the $100,000 minimum bid increment.

The LPF (following consultation with the Debtors and consideration of their views) shall make a determination regarding whether a bid is a Qualifying Bid and shall notify bidders whether their bids have been determined to be Qualifying Bids by no later than 5:00 p.m. (Central Time) on or before a date to be set by the Court consistent with the Timeline.

**V.      Auction**

In the event that the LPF and the Debtors timely receive one or more Qualifying Bid, in addition to the Stalking Horse bid, which is deemed to be a Qualifying Bid, the LPF and the Debtors shall conduct the Auction with respect to the Station Assets.  The Auction will be conducted at the offices of Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, Texas 77002, on or before a date to be set by the Court consistent with the Timeline, or such other location as designated by the LPF and the Debtors in a notice to all Qualifying Bidders.  The Auction shall be governed by the following procedures:

i. The Qualifying Bidders shall appear in person at the Auction or through a duly authorized representative;

ii. Only representatives of the LPF and the Debtors and holders of Qualifying Bids shall be entitled to be present at the Auction;

iii. Only the Qualifying Bidders shall be entitled to make any subsequent bids at the Auction;

iv. Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

v. Bidding shall commence at the amount of the highest Qualifying Bid submitted by the Qualifying Bidders prior to the Auction;

vi. Qualifying Bidders may then submit successive bids in increments of at least $100,000 higher than the previous bid;

vii. All Qualifying Bidders shall have the right to submit additional bids, subject to clause (vi) above, and make additional modifications to the Stalking Horse APA or Modified APA, as applicable, at the Auction;

viii. The Auction will be conducted to achieve the maximum value for the Station Assets and may include individual negotiations with the Qualifying Bidders and/or open bidding in the presence of all other Qualifying Bidders; and

    ix.    The Auction shall continue until there is only one offer that the LPF and the Debtors determine, subject to Court approval, is the highest or best offer from among the Qualifying Bidders submitted at the Auction (the "Successful Bid"). In making this decision, the LPF and the Debtors may consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the Qualifying Bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the Stalking Horse APA requested by each Qualifying Bidder, and the net benefit to the Debtors' estates. The Qualifying Bidder, submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of a purchaser, as set forth in the applicable Modified APA.

        Within three (3) days after adjournment of the Auction, the LPF, in the exercise of its business judgment, shall make a determination whether to accept or reject a Successful Bid of a Successful Bidder. If a Successful Bid is approved, within three (3) days of approval, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made and make and pay for all necessary filings with all applicable governmental or other authorities. Bids made after the close of the Auction shall not be considered by the LPF and the Debtors.

In the event that the LPF and the Debtors do not timely receive one or more Qualifying Bids, other than the Stalking Horse bid, the LPF and the Debtors shall promptly seek the entry of a sale order and otherwise take all steps contemplated in the Stalking Horse APA and otherwise necessary and to receive Bankruptcy Court approval and consummate the sale of the Station Assets to the Stalking Horse Bidder without conducting the Auction (except to the extent the Debtors pursue the "Finance Alternative" (as defined in the LPF Order)).

**VI.**    **Return of Good Faith Deposits**

Except as otherwise provided herein, Good Faith Deposits shall be returned to each Qualifying Bidder not selected by the Debtors as the Successful Bidder by no later than the fifth (5th) Business Day following the conclusion of the Auction.