IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/21/2009

------------------------------- x
In re:                          :  Chapter 11
                                :
JOHNSON BROADCASTING, INC., et al.,  :  Case No. 08-36583
                                :
         Debtors.               :  Jointly Administered
------------------------------- x

**ORDER UNDER 11 U.S.C. §§ 105(A), 363 AND 365 AND FED. R. BANKR.
P. 2002, 6004, 6006 AND 9014, (A) APPROVING ASSET PURCHASE
AGREEMENT; (B) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS
AND ENCUMBRANCES, AND (C) AUTHORIZING THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

THIS MATTER COMING TO BE HEARD upon the Motion of Johnson Broadcasting, Inc. and Johnson Broadcasting of Dallas, Inc. (the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a), 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (the "Sale Order") authorizing (i) the Debtors' sale (the "Sale") of substantially all assets of the Debtor (the "Purchased Assets"), free and clear of all mortgages, licenses, security interests, pledges, liens, charges, claims, judgments, options, rights, voting or other restrictions, rights-of-way, covenants, conditions, easements, encroachments, restrictions, other third-party rights or title defects or encumbrances of any nature whatsoever, whether legal or equitable in nature, whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated and whether contractual, statutory or common law in origin, including any interest in property and all Liens, claims and interests (collectively, the "Interests") except for Permitted Liens pursuant to the Asset Purchase Agreement (the "Asset Purchase Agreement"), dated as of October 9, 2009, by and among Frank Higney, in his capacity as Bankruptcy Court-approved Limited Purpose Fiduciary on behalf of the Debtors, collectively

as Seller, and Uva Vez Mas Houston Holdings, LLC, a Delaware limited liability company, successor-in-interest to Una Vez Mas, LP (the "Buyer"); (ii) the Debtors' assumption and assignment to the Buyer of certain executory contracts and unexpired leases, pursuant to the Asset Purchase Agreement[1] free and clear of all Interests, and (iii) the assumption by the Buyer of the Assumed Liabilities pursuant to the Asset Purchase Agreement; and the Court having entered an order on October 27, 2009 (Docket No. 363), as subsequently amended by order of the Court (Docket No. 381) on November 6, 2009 (the "Bid Procedures Order") approving (i) the Bidding Procedures, (ii) the proposed Bidding Protections and (iii) the form and manner of notice of the Auction and the Sale Hearing (as defined below); and as described in the record of the Sale Hearing, the Buyer will receive and assume the Purchased Assets and the Assumed Liabilities pursuant to the terms described herein, as having submitted Qualified Bids, pursuant to the Bid Procedures Order; and the Seller having conducted an Auction on December 18, 2009 (the "Auction"); and the Buyer having been determined by the LPF to have submitted the highest and best Qualified Bid; and a hearing on the Sale Motion having been held on December 21, 2009 (the "Sale Hearing"); and all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion; and the Court having reviewed and considered (i) the Sale Motion, (ii) any objections thereto, and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtors, their estates and creditors and other parties in interest; and upon the record of the Sale Hearing, and after due deliberation thereon; and good cause appearing therefor.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Asset Purchase Agreement.

HOU:2980671.6

IT IS HEREBY FOUND AND DETERMINED THAT:

1. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue of these cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in the Sale Motion are sections 105(a), 363(b), (f), (m), and (n), and 365 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006 and 9014.

3. Proper, timely, adequate and sufficient notice of the Sale Motion, the Auction, the Sale Hearing, the Sale, and the assumption and assignment to the Buyer of certain executory contracts of the Debtors has been provided in accordance with 11 U.S.C. §§ 102(1), 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014, other provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court, orders of the Bankruptcy Court, and other applicable law, and due process and in compliance with the Bid Procedures Order, (ii) such notice was good and sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Sale Motion, the Auction or the Sale Hearing, or the assumption and assignment of the executory contracts is or shall be required.

4. The LPF has marketed the Purchased Assets and conducted the sale process in compliance with the Bid Procedures Order.

5. The LPF (i) has full authority to execute the Asset Purchase Agreement and all other documents contemplated thereby, and the sale of the Purchased Assets by the Seller has been duly and validly authorized by all necessary corporate action of the Debtors, (ii) have all of the corporate power and authority necessary to consummate the transactions contemplated by the Asset Purchase Agreement, and (iii) have taken all corporate action necessary to authorize and

approve the Asset Purchase Agreement and the consummation by Seller of the transactions contemplated thereby. No consents or approvals, other than those expressly provided for in the Asset Purchase Agreement, are required for the Seller to consummate such transactions.

6. Approval of the Asset Purchase Agreement and consummation of the Sale at this time are in the best interests of the Debtors, their creditors, their estates and other parties in interest.

7. The Seller has demonstrated both (i) good, sufficient and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to 11 U.S.C. § 363(b), and the sale is an appropriate exercise of the LPF's fiduciary duties in that, among other things:

> (1) The LPF diligently and in good faith marketed the Purchased Assets to secure the highest and best offer therefor by, among other things, mailing the Notice of Auction and Sale Hearing, the Sale Motion and a draft of this Sale Order to each of the entities that had previously expressed an interest in the Debtors' Purchased Assets. In addition, the LPF conducted an Auction pursuant to the Bid Procedures Order.
>
> (3) A sale of the Purchased Assets at this time to the Buyer pursuant to 11 U.S.C. § 363(b) is the only viable alternative to preserve the value of the Purchased Assets, and maximize Debtors' estates for the benefit of all constituencies. Delaying the Sale of the Purchased Assets undoubtedly will result in a loss of value of the Purchased Assets.

8. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) the United States Trustee for the Southern District of Texas; (ii) all entities known to have expressed an interest in a transaction with respect to the Purchased Assets during the past eight months; (iii) all entities known to have an Interest in the Purchased Assets; (iv) all other parties to the executory contracts being assumed and assigned; and (v) the parties listed on Debtors' Master Service List.

9. The Asset Purchase Agreement was negotiated, proposed and entered into by the LPF and the Buyer without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtors nor the Buyer have engaged in any conduct that would cause or permit the Asset Purchase Agreement to be avoided under 11 U.S.C. § 363(n).

10. The Buyer is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, the Buyer is entitled to all of the protections afforded thereby. The Buyer will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Asset Purchase Agreement at all times after the entry of this Sale Order. The Buyer has not engaged in collusive bidding or otherwise violated the provisions of § 363(n) of the Bankruptcy Code.

11. The consideration provided by the Buyer for the Purchased Assets pursuant to the Asset Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased Assets, (iii) will provide a greater recovery for the Debtors' creditors and other interested parties than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

13. The transfer of the Purchased Assets to the Buyer will be a legal, valid and effective transfer of the Purchased Assets.

14. The Buyer would not have entered into the Asset Purchase Agreement and would not consummate the transactions contemplated thereby, if the sale of the Purchased Assets to the Buyer were not free and clear of all Interests of any kind or nature whatsoever and if the assignment of the executory contracts, could not be made under section 365 of the Bankruptcy Code.

HOU:2980671.6

15. The Buyer shall purchase the Purchased Assets free and clear of all Interests, including without limitation all liens, claims and encumbrances pursuant to 11 U.S.C. § 363. The Buyer does not constitute a successor-in-interest to Seller for all purposes, including successor liability, except as otherwise set forth herein. No person or entity shall assert by suit or otherwise against Buyer or their respective successors in interest any claim which they had, have or may have against the Debtors, or any liability, debt or obligation relating to or arising from the Purchased Assets, or the Debtors' operations or use of the Purchased Assets, and all persons and entities are hereby enjoined from asserting against the Buyer in any way such claims, liabilities, debts or obligation, and all persons and entities holding Liens and Claims against the Debtors arising on or before the Closing Date, or out of events occurring prior to the Closing, of any kind and nature with respect to the Purchased Assets hereby are forever barred, estopped and permanently enjoined from asserting such Liens and Claims of any kind or nature against the Buyer, its successors or assigns, or the Purchased Assets. Nothing contained in this paragraph shall bar the assertion of Assumed Liabilities against the Buyer nor shall it be deemed a release in any way of the Permitted Liens.

16. The Seller may sell the Purchased Assets free and clear of all Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Those (i) holders of Interests and (ii) non-debtor parties to executory contracts being assigned who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2).

17. The Seller has demonstrated that it is an exercise of its sound business judgment and fiduciary duties to assume and assign certain executory contracts to the Buyer as set forth in the Asset Purchase Agreement, and the assumption and assignment of the executory contracts is

in the best interests of the Debtors, their estates, and their creditors. The executory contracts being assigned to, and the liabilities being assumed by the Buyer, are an integral part of the Purchased Assets being purchased by the Buyer and, accordingly, such assumption and assignment of the executory contracts are reasonable, enhance the value of the Debtors' estates, and do not constitute unfair discrimination.

18. The Seller and the Buyer (i) have provided adequate assurance of the Buyer's future performance of the executory contracts being assigned pursuant to the Asset Purchase Agreement, within the meaning of 11 U.S.C. § 365(b)(1)(C) and 365(f)(2)(B), (ii) will cure, or have provided adequate assurance of cure, of any default existing prior to the date hereof under any of the executory contracts being assigned pursuant to and consistent with the Asset Purchase Agreement, within the meaning of 11 U.S.C. § 365(b)(1)(A), and (iii) will provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the executory contracts being assigned pursuant to and consistent with the Asset Purchase Agreement, within the meaning of 11 U.S.C. § 365(b)(1)(B).

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Sale Motion is granted, as further described herein.

2. All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3. The Asset Purchase Agreement, in the form attached to the Sale Motion and as amended as set forth in Exhibit "1" hereto, and all of the terms and conditions thereof, are hereby approved.

4. Pursuant to 11 U.S.C. § 363(b), the Seller is authorized and directed to consummate the Sale, pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement.

5. The Seller is authorized and directed to execute and deliver, and is empowered to perform under, consummate and implement, the Asset Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Asset Purchase Agreement, and to take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer or reducing to possession, the Purchased Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Asset Purchase Agreement.

6. Except as expressly permitted or otherwise specifically provided for in the Asset Purchase Agreement or this Sale Order, pursuant to 11 U.S.C. §§ 105(a) and 363(f), the Purchased Assets shall be transferred to the Buyer, and as of the Closing Date, shall be free and clear of all Interests of any kind or nature whatsoever, with all such Interests of any kind or nature whatsoever to attach to the net proceeds of the Sale, with the same validity, force and effect which they now have as against the Purchased Assets, subject to any claims and defenses the Debtors may possess with respect thereto. Notwithstanding the foregoing, as to the liens and claims of Merrill Lynch Commercial Finance Corp. ("MLCFC"), said liens and claims are valid and fully enforceable against Debtors, said liens and claims are not subject to any claims or defenses of Debtors, and said liens shall attach to the proceeds of the Sale.

7. Except as expressly permitted or otherwise specifically provided for in the Asset Purchase Agreement or this Sale Order, all persons and entities, including, but not limited to, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding Interests

of any kind or nature whatsoever against or in the Debtors or the Purchased Assets, arising under or out of, in connection with, or in any way relating to, the Debtors, the Purchased Assets, the operation of the Debtors' businesses prior to the Closing Date, or the transfer of the Purchased Assets to Buyer, hereby are forever barred and estopped from asserting against the Buyer, or its successors or assigns, its property, or the Purchased Assets, such persons' or entities' Interests.

8. Pursuant to 11 U.S.C. §§ 105 (a) and 365, and subject to and conditioned upon the Closing of the Sale, the Debtors' assumption and assignment to the Buyer, the Buyer's assumption on the terms set forth in the Asset Purchase Agreement of the executory contracts being assigned is hereby approved, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f)(2) with respect thereto are hereby deemed satisfied.

9. Debtors are hereby authorized and directed in accordance with 11 U.S.C. §§ 105(a) and 365 to assume and assign to the Buyer, effective upon the Closing of the Sale, the executory contracts and unexpired leases being assigned pursuant to the Asset Purchase Agreement and identified on Schedule 2.3(a), 2.3(b), 6.9(a) and 6.9(b), as amended, free and clear of all Interests of any kind or nature whatsoever. The Debtors are hereby authorized to pay at the Closing the cure costs associated with Assumed Contracts, subject to any offset rights which the Debtors may have against any cure amounts due to any non-Debtor party to an Assumed Contract.

10. The Buyer and Debtors are expressly authorized to bifurcate the closing of the Purchased Assets as contemplated in the Asset Purchase Agreement – the Houston Closing and the Dallas Closing. On or within five (5) days of the Houston Closing, MLCFC will provide the Debtors a statement of the outstanding and unpaid balance due and owing to MLCFC. Upon receipt of the statement, the Debtors will have five (5) days to file an objection (the "Objection

Period") to the statement provided by MLCFC. If no objection has been filed, upon expiration of the Objection Period, the Debtors are hereby authorized and directed to pay, at Closing, the outstanding and unpaid balance due and owing to MLCFC including the outstanding and unpaid principal balances, accrued and unpaid interest, reasonable fees, costs and expenses (including reasonable attorneys' fees) as provided in and under the terms and conditions of the MLCFC Loan Documents[2].

11.     Each non-Debtor party to an Assumed Contract is hereby forever barred, estopped and permanently enjoined from asserting against the Buyer or Buyer's successors or assigns any default existing as of the Closing Date or any Claim asserted or assertable against the Debtors and pursuant to 11 U.S.C. § 365(f)(3) such parties are prohibited from enforcing any provision under any such Assumed Contract that would act to terminate or modify the terms of such Assumed Contract upon any assignment or change in control.

12.     The executory contracts being assigned to the Buyer pursuant to the Asset Purchase Agreement, shall be transferred to, and remain in full force and effect for the benefit of the Buyer in accordance with their respective terms, notwithstanding any provision in any such assigned contracts that prohibits, restricts, or conditions such assignment or transfer and,

---

[2]     (a)     that certain WCMA Loan And Security Agreement No. 684-07828 dated as of April 30, 2002, as amended or modified from time to time;
(b)     that certain Installment Note dated as of April 30, 2002 in the original principal amount of $4,853,000.00 executed by Douglas R. Johnson and payable to MLCFC;
(c)     that certain Term Loan Agreement dated as of April 30, 2002 between Douglas R. Johnson and MLCFC;
(d)     that certain Security Agreement dated as of April 30, 2002 between JBI and MLCFC dated as of April 30, 2002;
(e)     that ceratin Unconditional Guaranty executed by Douglas R. Johnson as President of JBI guaranteeing payment of the Installment Note;
(f)     UCC 1 Financing Statement No.D909028;
(g)     UCC 3 Continuation Statement No. 2006200401-6; and
(h)     UCC 3 Assignment Statement No. 2008030612-1.

pursuant to 11 U.S.C. § 365(k), the Debtors and their estates shall be relieved from any liability for any breach of any assigned contracts after such assignment to and assumption by the Buyer on the Closing Date, first arising post-Closing. Likewise, the Buyer shall be relieved from any liability for any breach of any assigned contracts which occurred or arose out of events prior to the assignment and assumption to the Buyer.

13. The Purchase Price provided by the Buyer for the Purchased Assets under the Asset Purchase Agreement (i) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, and (ii) is fair and reasonable and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

14. On the Closing Date of the Sale, each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interests in the Purchased Assets, if any, as such Interests may have been recorded or may otherwise exist.

15. This Sale Order shall be effective as a determination that, on the Closing Date, all Interests of any kind or nature whatsoever existing as to the Debtors or the Purchased Assets prior to the Closing have been unconditionally released, discharged and terminated (other than the Permitted Liens and Assumed Liabilities), and that the conveyances described herein have been effected.

16. If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens or other documents or agreements evidencing Interests in the Debtors or the Purchased Assets shall not have delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests which the person or entity has with respect to the Debtors or

the Purchased Assets or otherwise, then the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Purchased Assets of any kind or nature whatsoever and the filing officer is hereby directed to accept the filing of the Sale Order by the Buyer as evidence of the release of such encumbrances, other than with respect to Permitted Liens and Assumed Liabilities.

17. Liens for any applicable ad valorem taxes, including but not limited to ad valorem taxes for the years 2008 and 2009, to the extent they arise from allowed tax claims, shall attach to the proceeds of the Sale in the same priority as existed prior to the Bankruptcy.

18. All entities who are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Buyer on the Closing Date.

19. Under no circumstances shall any holder of an Interest be able to commence, continue or otherwise pursue or enforce any remedy, claim or cause of action against the Buyer, other than the Buyer's obligations with respect to the Permitted Liens and Assumed Liabilities.

20. This Court retains jurisdiction to enforce and implement the terms and provisions of the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) resolve any disputes arising under or related to the Asset Purchase Agreement, except as otherwise provided therein, and (b) interpret, implement, and enforce the provisions of this Sale Order.

21. The terms and provisions of the Asset Purchase Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates,

and their creditors, the Buyer and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting Interests in the Purchased Assets to be sold to the Buyer pursuant to the Asset Purchase Agreement, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.

22. The failure specifically to include any particular provisions of the Asset Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Asset Purchase Agreement be authorized and approved in its entirety.

23. The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

24. The Asset Purchase Agreement was negotiated, proposed and entered into by the LPF and the Buyer without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtors nor the Buyer have engaged in any conduct that would cause or permit the Asset Purchase Agreement to be avoided under 11 U.S.C. § 363(n).

25. The Buyer is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, the Buyer is entitled to all of the protections afforded thereby. The Buyer will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Asset Purchase Agreement at all times after the entry of this Sale Order. The Buyer has not

engaged in collusive bidding or otherwise violated the provisions of § 363(n) of the Bankruptcy Code.

26. As provided by Federal Rules of Bankruptcy Procedure 6004(g) and 6006(d), this Sale Order shall not be stayed for 10 days after the entry of the Sale Order and shall be effective and enforceable immediately upon entry of this Sale Order.

27. This sale order is not intended to cause and does not effect a substantive consolidation of the Debtors and all rights of all parties with respect to the issue of substantive consolidation are preserved.

Date: 12/21/2009

ENTERED:

UNITED STATES BANKRUPTCY JUDGE

HOU:2980671.6

**EXHIBIT 1**

HOU:2980671.6