

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**ENTERED
04/11/2011**

-------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **JOHNSON BROADCASTING, INC., et. al.,** | : | **Case No. 08-36583** |
| | : | |
| **Debtors.** | : | **Jointly Administered** |
| | : | |

-------------------------------------------------------x

### ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT PLAN PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

Johnson Broadcasting, Inc. ("JBI") and Johnson Broadcasting of Dallas, Inc. ("JBD") as debtors and debtors in possession (collectively, the "Debtors"), in the above-referenced chapter 11 cases, having proposed and filed (a) the First Amended Joint Chapter 11 Plan, dated January 5, 2010 [Docket No. 433] (as modified, the "Plan"); (b) the Second Amended Disclosure Statement for First Amended Joint Chapter 11 Plan, dated January 31, 2011 [Docket No. 662] (the "Second Amended Disclosure Statement") and the Second Amended Disclosure Statement having been approved by this Court and duly transmitted to holders of Claims[1] against the Debtors' estates in compliance with this Court's Order, dated February 17, 2011 (the "Disclosure Statement Order"): (i) approving the notice of Second Amended Disclosure Statement hearing, (ii) approving the Second Amended Disclosure Statement, (iii) fixing record dates, (iv) approving the notice and objection procedures in respect of confirmation of the Plan, and (v) approving the forms of ballots (the "Plan Ballots") and approving procedures for voting on the Plan.; and upon the Tabulation of Ballots Voting on Accepting and Rejecting the Plan [Docket No. 744 filed by the Debtors describing the results of

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to such terms in the Plan.

voting with respect to the Plan (the "Voting Tabulation"); and a hearing having been held before this Court on April 11, 2011 to consider confirmation of the Plan (the "Confirmation Hearing"); and due notice of the Confirmation Hearing having been provided to holders of Claims against and Equity Interests in the Debtors and other parties in interest, in compliance with the Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy Rules, as established by the certificate of service identified on the docket at Docket No. 690 (the "Certificate of Service"), and such notice being sufficient under the circumstances and no further notice being required; and based upon and after full consideration of the entire record of the Confirmation Hearing, including (A) the Plan, Second Amended Disclosure Statement, and the Disclosure Statement Order, (B) the Certificate of Service, (C) the objections to confirmation of the Plan or any previous plan of reorganization filed by the Debtors (collectively, the "Objections"), and the Court being fully familiar with, and having taken judicial notice of, the entire record of the Debtors' Chapter 11 Cases; and upon the arguments of counsel and the evidence proffered and adduced at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

## FINDINGS OF FACT

A.    Findings and Conclusions.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following

2

findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. Jurisdiction. The Court has jurisdiction over the Debtors' Chapter 11 Cases and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O) and the Court has jurisdiction to enter a final order with respect thereto. The Debtors are eligible debtors under section 109 of the Bankruptcy Code. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Commencement and Joint Administration of the Debtors' Chapter 11 Cases. On the Petition Date, each of the above-captioned Debtors commenced a case under chapter 11 of the Bankruptcy Code. By prior orders of the Court, the Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015. The Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in these Chapter 11 Cases.

D. Official Committee of Unsecured Creditors. The U.S. Trustee has not appointed an Official Committee of Unsecured Creditors.

E. Limited Purpose Fiduciary. On February 26, 2009, the Court entered an order appointing Frank Higney as the limited purpose fiduciary (the "LPF").

F. Judicial Notice. The Court takes judicial notice of the docket of the Debtors' Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made,

proffered, or adduced at the various hearings held before the Court during the pendency of the Debtors' Chapter 11 Cases.

G.     Solicitation and Notice.  On February 17, 2011, the Court entered the Disclosure Statement Order, which, among other things, approved the Second Amended Disclosure Statement, finding that it contained "adequate information" within the meaning of section 1125 of the Bankruptcy Code, and established procedures for the Debtors' solicitation and tabulation of votes on the Plan.  The (i) Second Amended Disclosure Statement, (ii) the Disclosure Statement Order, (iii) the Plan, and (iv) the Ballots, where applicable,  (collectively, the "Solicitation Materials") were served in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order.  As described in the Disclosure Statement Order and as evidenced by the Certificate of Service (i) the service of the Solicitation Materials was adequate and sufficient under the circumstances of these Chapter 11 Cases and (ii) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Disclosure Statement Order was timely provided in compliance with the Bankruptcy Code, the Bankruptcy Rules, and provided due process and an opportunity to appear and to be heard to all parties in interest.

H.     Voting.  Votes on the Plan were solicited after disclosure of "adequate information" as defined in section 1125 of the Bankruptcy Code.  As evidenced by the Voting Tabulation, votes to accept the Plan have been solicited and tabulated fairly, in good faith and in a manner consistent with the Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy Rules.

4

I.   <u>Burden of Proof</u>.  The Debtors have met their burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.

## COMPLIANCE WITH SECTION 1129 OF THE BANKRUPTCY CODE

J.   <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

K.   <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>.  In addition to Administrative Expense Claims and Priority Tax Claims, which need not be classified, Article IV of the Plan designates 7 Classes of Claims and Equity Interests against the appropriate Debtor.  The Claims and Equity Interests included in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class.  Valid business, legal, and factual reasons exist for separately classifying the various Claims and Equity Interests under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Equity Interests.  The Plan, therefore, satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

i.   <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  Article V of the Plan specifies that Classes 1 and 2 are unimpaired under the Plan, thereby complying with section 1123(a)(2) of the Bankruptcy Code.

ii.   <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Article V of the Plan designates Classes 3, 4, 5, 6, and 7 as impaired, and Article VI specifies the treatment of Claims and Equity Interests in such Classes, thereby complying with section 1123(a)(3) of the Bankruptcy Code.

iii.   <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment on account of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

HOU:3106090.4

Case 08-36583   Document 754   Filed in TXSB on 04/11/2011   Page 6 of 26

iv.    Implementation of the Plan (11 U.S.C. § 1123(a)(5)). As required by section 1123(a)(5), Articles VII through XIV of the Plan provide for adequate means for implementation of the Plan.

v.    Non-Voting Equity Securities/Allocation of Voting Power (11 U.S.C. § 1123(a)(6)). Section 7.1 of the Plan provides for the cancellation of existing Equity Interests and issuance of New Common stock to the Plan Agent. In compliance with section 1123(a)(6), the Debtors are liquidating and dissolving and will issue no further equity security interests.

vi.    Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)). Sections 7.1 and 7.4 of the Plan provides that the Plan Agent shall serve as sole director and officer of each of the Liquidating Debtors, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

vii.    Additional Plan Provisions (11 U.S.C. § 1123(b)). The other provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

viii.    Impairment/Unimpairment of Classes of Claims and Equity Interests (§ 1123(b)(1)). Pursuant to Articles V and VI of the Plan, (a) Classes 1 and 2 are unimpaired under the Plan; and (b) Classes 3 through 7 are impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

ix.    Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2)). Article X of the Plan provides for the rejection of the executory contracts and unexpired leases of the Debtors as of the Effective Date, except for any executory contract or unexpired lease (a) that has been assumed pursuant to an order of the Court entered prior to the Effective Date, or (b) as to which a motion for approval of the assumption of such executory contract or unexpired lease has been filed and served prior to the Effective Date as contemplated by section 1123(b)(2) of the Bankruptcy Code.

x.    Settlement of Claims or Interests Belonging to the Debtors or their Estates (11 U.S.C. § 1123(b)(3)). Section 7.18 of the Plan provides for the settlement of certain claims of the Debtors, as contemplated by section 1123(b)(3) of the Bankruptcy Code.

xi.    Retention of Rights of Action by the Liquidating Debtors (11 U.S.C. § 1123(b)(3)). Section 7.15 of the Plan provides that the Liquidating Debtors retain all Rights of Action for the benefit of

holder of Allowed Claims and that the Plan Agent is vested with the authority to pursue any such Rights of Action as contemplated by section 1123 (b)(3) of the Bankruptcy Code.

xii.   Bankruptcy Rule 3016(a). The Plan is dated and identifies the proponents, thereby satisfying Bankruptcy Rule 3016(a).

L.   Debtors Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).

Each Debtor has complied with the applicable provisions of the Bankruptcy Code. Specifically:

i.   Each Debtor is a proper debtor under section 109 of the Bankruptcy Code,

ii.   Each Debtor has complied with all applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court, and

iii.   Each Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court, Southern District of Texas (the "Local Bankruptcy Rules"), and the Disclosure Statement Order in transmitting the Solicitation Materials and in tabulating the votes with respect to the Plan, thereby complying with section 1125 with respect to the Second Amended Disclosure Statement and the Plan.

M.   Plan Proposed in Good Faith (11 U.S.C. § 1129 (a)(3)). The Plan is based upon extensive, arms'-length negotiations between and among the Debtors and other parties in interest, and represents the culmination of months of intensive work through the auction and sale process of the Debtors' assets and closing of the sale as set forth in the Second Amended Disclosures Statement. The Plan is overwhelmingly accepted by creditors as set forth in the Voting Tabulation. The Plan purports to distribute the proceeds from the sale of the Debtors' assets on a waterfall basis pursuant to the priority scheme of the Bankruptcy Code. Therefore, the Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' estates and recovery to creditors.

N.   Payment for Services or Cost and Expenses (11 U.S.C. § 1129(a)(4)). All payments made or to be made by any of the Debtors for services or for costs and expenses in

HOU:3106090.4

connection with these Chapter 11 Cases, or in connection with the Plan and incident to these Chapter 11 Cases, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

O.      Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).  The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code.  Sections 7.1 and 7.4 of the Plan provides that the Plan Agent shall serve as sole director and officer of each of the Liquidating Debtors.  The Plan Agent shall be Karen Nicolaou and her compensation is set forth in Section 7.4.4 of the Plan.  Any changes to the position of Plan Agent, or the officers or directors of the Liquidating Debtors will be made pursuant to the Plan.  The appointment, or continuation in office, of such individual is consistent with the interests of creditors and with public policy.

P.      No Rate Changes (11 U.S.C. § 1129(a)(6)).  No rates are being changed that require approval of a governmental regulatory commission, and accordingly, this section is inapplicable to the Plan.

Q.      Best Interest of Creditors (11 U.S.C. § 1129(a)(7)).  The "best interests" test is applicable only to those (i) holders of Claims that voted to reject the Plan; and (ii) holders of Equity Interests, which were deemed to have rejected the Plan.  As demonstrated by the liquidation analysis contained in the Second Amended Disclosure Statement, which employed commonly accepted methodologies and reasonable assumptions, each holder of an impaired Claim against or Equity Interest in the Debtors either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the applicable Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. Accordingly, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

8

R.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Classes 1, 2, and 4 are Classes of unimpaired Claims, each of which is conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code.  Classes 3, 5, 6, and 7, which are the impaired Classes of Claims against the Debtors entitled to vote on the Plan, have voted to accept the Plan, in accordance with section 1126(b) and (c) of the Bankruptcy Code.

S.    Treatment of Administrative Expense Claims, Priority Tax Claims, Secured Tax Claims, and Other Priority Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Administrative Expense Claims and Priority Tax Claims pursuant to Article III of the Plan satisfies the requirements of sections 1129(a)(9)(A) and (C) of the Bankruptcy Code.   The treatment of Priority Non-Tax Claims pursuant to Section 6.4 of the Plan satisfies the requirements of sections 1129(a)(9)(B) of the Bankruptcy Code.  The treatment of Secured Tax Claims pursuant to Section 6.3 of the Plan satisfies the requirements of section 1129(a)(9)(D) of the Bankruptcy Code.

T.    Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)).  All impaired classes voted to accept the Plan.  Classes 3 and 5, each of which is impaired under the Plan and entitled to vote, voted to accept the Plan by the requisite majorities, determined without including any acceptance of the  Plan by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.  Classes 6 and 7 have also voted to accept the Plan, but such Classes include the claims of insiders.

U.    Feasibility (11 U.S.C. § 1129 (a)(11)).   This Plan is a liquidating Plan. The Debtors have already sold substantially all of their assets to Una Vez Mas, LP ("UVM") and received the proceeds of such sale.  The Plan contemplates the liquidation and winding down of the Debtors' Estate; therefore, no subsequent reorganization will ensue after the Effective Date.

HOU:3106090.4

A reserve for applicable Plan payments has been established to satisfy obligations owed under the Plan by the Debtors. The Debtors believe that they will be able to timely perform all obligations described in the Plan and, therefore, that the Plan is feasible. Based on the foregoing and other provisions of the Plan, the provisions of Section 1129(a)(11) of the Bankruptcy Code have been satisfied.

V.    Payment of Fees (11 U.S.C. § 1129(a)(12)). As required, pursuant to Section 7.14 of the Plan, all fees payable under section 1930 of title 28 of the United States Code have been or will be paid on the Effective Date, and will continue to be paid thereafter as required, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

W.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). In the ordinary course of their businesses, the Debtors did not have obligations with respect to retiree benefits. Accordingly, section 1129(a)(13) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

X.    Domestic Support (11 U.S.C. § 1129(a)(14)). In the ordinary course of their businesses, the Debtors did not have obligations with respect to domestic support. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

Y.    Unsecured Claims in Cases in Which the Debtor is an Individual (11 U.S.C. § 1129(a)(15)). None of the Debtors is an "individual." Accordingly, section 1129(a)(15) is inapplicable to the Plan.

Z.    Property Transfers by a Corporation or Trust that is Not a Moneyed, Business, or Commercial Corporation or Trust (11 U.S.C. § 1129(a)(16)). The Debtors are each

HOU:3106090.4

a moneyed, business, or commercial corporation. Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

AA.  No Cram-Down (11 U.S.C. § 1129(b)). All Classes of Claims and Equity Interests voted to accept the Plan.  Accordingly, section 1129(b) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

BB.  Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only plan filed in these Chapter 11 Cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

CC.  Principal Purpose of the Plan (11 U.S.C. § 1129(d)).  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

DD.  Good Faith Solicitation (11 U.S.C. § 1125(e)). Based on the record before the Court, (i) the Debtors are deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, sections 1125(a) and (e) of the Bankruptcy Code, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation and (ii) the Debtors, the Liquidating Debtors and all of their respective members, officers, directors, agents, financial advisors, attorneys, employees, equity holders, partners, affiliates, and representatives, shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of any securities under the Plan, and therefore are not, and on account of such offer, issuance and solicitation will not be, liable at any time for any violation of any applicable law, rule, or regulation governing the

solicitation of acceptances or rejections of the Plan or the offer, issuance, sale, or purchase of any securities under the Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

EE.   Satisfaction of Confirmation Requirements.   Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

FF.   Implementation.   All documents necessary to implement the Plan, and all other relevant and necessary documents have been negotiated in good faith and at arms' length and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

GG.   Transfers by Debtors.   All transfers of property of the Debtors' estates, including, without limitation, the transfer and assignment of assets, to the Liquidating Debtors shall be free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as expressly provided in the Plan or this Order.

HH.   Books and Records.   The Plan Agent and its representatives shall continue to have reasonable access to the books and records of the Debtors and the Liquidating Debtors.

II.   Settlements.   Pursuant to Bankruptcy Rule 9019, in consideration for the classification, distribution and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan, including without limitation the settlement with related parties contained in section 7.18 are fair and equitable and in the best interests of the Estates and constitute a good faith compromise and settlement of all Claims or controversies resolved pursuant to the Plan.

HOU:3106090.4

Case 08-36583   Document 754   Filed in TXSB on 04/11/2011   Page 13 of 26

## CONCLUSIONS OF LAW

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      Confirmation.  All requirements for confirmation of the Plan have been satisfied.  Accordingly, the Plan in its entirety is CONFIRMED pursuant to section 1129 of the Bankruptcy Code.  The terms of the Plan are incorporated by reference into, and are an integral part of, this Order.

2.      Objections.  All parties have had a full and fair opportunity to litigate all issues raised by the Objections, or which might have been raised, and the Objections have been fully and fairly litigated.  All Objections, responses, statements, and comments in opposition to the Plan, and all reservations of rights with respect to, other than those withdrawn with prejudice in their entirety prior to the Confirmation Hearing or otherwise resolved on the record of the Confirmation Hearing and/or herein, are overruled for the reasons stated on the record.

3.      Solicitation and Notice.  Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based on the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  The solicitation of votes on the Plan and the Solicitation Materials complied with the solicitation procedures in the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, was conducted in good faith, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

4.      Omission of Reference to Particular Plan Provisions.  The failure to specifically describe or include any particular provision of the Plan in this Order shall not

HOU:3106090.4

diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

5. <u>Plan Classification Controlling</u>. The classifications of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classification set forth on the Ballots tendered or returned by the Debtors' Creditors in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Equity Interests under the Plan for distribution purposes; and (c) shall not be binding on the Debtors, the Liquidating Debtors, Plan Agent, Creditors, or interest holders for purposes other than voting on the Plan.

6. <u>Settlements</u>. Pursuant to sections 105 and 1123(b)(3) of the Bankruptcy Code, and Bankruptcy Rule 9019, on the Effective Date, the provisions of the Plan, including the settlement with related parties in Section 7.18, constitute a good faith compromise and settlement of all Claims or controversies resolved pursuant to the Plan.

7. <u>Issuance of Securities Included in Plan Currency</u>. The issuance by the Debtors of the securities referenced in section 7.1 of the Plan on the Effective Date is authorized without the need for any further corporate action and without any further action by holders of Claims or Equity Interests. The Debtors and the Liquidating Debtors, and all of their respective members, officers, directors, agents, financial advisors, attorneys, employees, equity holders, partners, affiliates, and representatives, shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of any securities under the Plan, and therefore are not, and on account of such offer, issuance and

solicitation will not be, liable at any time for any violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer, issuance, sale or purchase of any securities under the Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in the Plan.

8.    <u>Distributions Under the Plan</u>.  All distributions under the Plan shall be made in accordance with Article VIII of the Plan.

9.    <u>Disputed Claims</u>.  The provisions of Article IX of the Plan, including, without limitation, the provisions governing procedures for resolving Disputed Claims, are found to be fair and reasonable and are approved.  Melanie Johnson shall have the same rights as the Plan Agent to file objections to Claims.

10.    <u>Assumption or Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2))</u>.  Pursuant to Article X of the Plan, as of the Effective Date all executory contracts and unexpired leases that exist between the Debtors and any Person or Entity shall be deemed rejected by the Debtors as of the Effective Date, except for any executory contract or unexpired lease (i) that has been assumed pursuant to an order of the Court entered prior to the Effective Date, or (ii) as to which a motion for approval of the assumption of such executory contract or unexpired lease has been filed and served prior to the Effective Date.

11.    <u>Approval of Assumption or Rejection of Executory Contracts and Unexpired Leases</u>.  Entry of the this Order shall, subject to and upon the occurrence of the Effective Date, constitute the approval, pursuant to section 365(a) and 1123(b)(2) of the Bankruptcy Code, of the rejection of the executory contracts and unexpired leases rejected pursuant to Article X of the Plan.

HOU:3106090.4

12.    Bar Date for Filing Proofs of Claim Relating to Executory Contracts and Unexpired Leases Rejected Pursuant to the Plan.  Claims arising out of the rejection of an executory contract or unexpired lease pursuant to Article X of the Plan must be filed with the Court and served upon the Debtors (or, on and after the Effective Date, the Liquidating Debtors) no later than thirty (30) after the Effective Date.  All such Claims not filed within such time will be forever barred from assertion against the Debtors and their estates or the Liquidating Debtors and their property.

13.    Directors and Officers.  Pursuant to Article VII of the Plan, effective as of the confirmation of the Plan, the management, control and operation of the Debtors and Liquidating Debtors shall become the general responsibility of the Plan Agent, and the Plan Agent shall be the sole director and officer of each Debtor or Liquidating Debtor, as applicable. Karen Nicolaou is deemed designated as the Plan Agent.

14.    Vesting of Property of Each Estate in Each Liquidating Debtor.  Pursuant to Section 7.3 of the Plan, on the Effective Date, except as otherwise provided in the Plan or any agreement, (i) all of the Liquidating JBI Assets shall vest in Liquidating JBI, free and clear of any liens, claims, and encumbrances, except as otherwise provided in the Plan and Liquidating JBI may operate its business and use, acquire or dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provision of the Bankruptcy Code; and (ii) all of the Liquidating JBD Assets shall vest in Liquidating JBD, free and clear of any liens, claims, and encumbrances, except as otherwise provided in the Plan and Liquidating JBD may operate its business and use, acquire or dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy

Rules and in all respects as if there were no pending case under any chapter or provision of the Bankruptcy Code

15.     Deletion of Discharge of Debtors, Exculpation and Indemnification Provisions.   Sections 12.2, 12.7 and 12.8 shall be deemed deleted from the Plan and of no effect. The Plan Agent is authorized to use the Liquidating Debtor's cash to purchase director/officer liability insurance or a similar policy after sending written notice to the creditors on the master service list and such creditors having 21 days from the date the notice is served to file an objection with the bankruptcy court to the purchase.  The creditor must state with specificity the grounds of its objection.  If an objection is timely filed, the Plan Agent will request a hearing from the bankruptcy court to determine whether the purchase is in appropriate.

16.     Term of Existing Injunctions or Stays.  Unless otherwise provided in the Plan, this Order, or a separate order of the Court, all injunctions or stays arising under or entered during the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in such applicable order.

17.     Avoidance Actions/Objections.  Pursuant to of the Plan, other than any releases granted therein, in the Plan, or other Final Order of the Court, as applicable, from and after the Effective Date, the Plan Agent shall have the right to prosecute any avoidance actions or equitable subordination or recovery actions including, but not limited to, Rights of Action arising under sections 502(d), 510, 542, 543, 544, 547, 548, 549, 550 and 553 of the Bankruptcy Code that belong to the Debtors or Debtors in Possession.

18.     Conditions to Effective Date. The Plan shall not become effective unless and until the conditions set forth in Article XI of the Plan have been satisfied or waived pursuant

to Section 11.2 of the Plan. If the Plan does not become effective, nothing in the Plan or the Second Amended Disclosure Statement shall be construed as a waiver of any rights or Claims of the Debtors.

19.    <u>Retention of Jurisdiction.</u>  This Court shall retain and have jurisdiction of all matters arising out of, or related to, the Chapter 11 Cases or the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code, including, without limitation:

(a)    to determine the allowance or classification of Claims and Equity Interests and to hear and determine any objections thereto;

(b)    to determine any and all motions, adversary proceedings, applications, contested matters and other litigated matters in connection with the Cases that may be pending in the Bankruptcy Court on, or initiated after, the Effective Date;

(c)    to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

(d)    to issue such orders in aid of the execution, implementation and consummation of this Plan to the extent authorized by § 1142 of the Bankruptcy Code or otherwise;

(e)    to construe and take any action to enforce this Plan;

(f)    to reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(g)    to modify this Plan pursuant to § 1127 of the Bankruptcy Code, or to remedy any apparent non-material defect or omission in this Plan, or to reconcile any non-material inconsistency in this Plan so as to carry out its intent and purposes;

(h)    to hear and determine all applications for compensation and reimbursement of expenses of professionals under §§ 328(a), 330, 331, and 503(b) of the Bankruptcy Code;

(i)    to determine any other requests for payment of Priority Tax Claims, Priority Claims or Administrative Expense Claims;

HOU:3106090.4

(j)    to hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of this Plan;

(k)    to consider and act on the compromise and settlement or payment of any Claim against the Debtors, the Liquidating Debtors or the Estates;

(l)    to recover all assets of the Debtors and property of the Estates, wherever located;

(m)    to determine all questions and disputes regarding title to the assets of the Debtors, the Liquidating Debtors or the Estates;

(n)    to issue injunctions, enter and implement other orders or to take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation, implementation or enforcement of this Plan or the Confirmation Order;

(o)    to remedy any breach or default occurring under this Plan;

(p)    to resolve and finally determine all disputes that may relate to, impact on or arise in connection with this Plan;

(q)    to determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(r)    to hear any other matter consistent with the provisions of the Bankruptcy Code;

(s)    to enter a final decree closing the Cases;

provided, however, that the foregoing is not intended to expand the Court's jurisdiction beyond that allowed by applicable law.

20.    Effectuating Documents and Further Transactions. Pursuant to Article VII of the Plan, as of the Effective Date, the Debtors, the Liquidating Debtors, and the Plan Agent are authorized to execute, deliver, file, or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate

19

and further evidence the terms and conditions of the Plan and any securities issued pursuant to the Plan.

21.     Corporate Action.  On the Effective Date, all matters provided for in the Plan involving the structure of the Debtors or the Liquidating Debtors and any action required by the Debtors or the Liquidating Debtors in connection with the Plan shall be deemed to have occurred and shall be in effect, without any requirement of further action by the security holders, directors, or officers of the Debtors, of the Reorganized Debtors pursuant to the applicable general corporation, partnership, limited liability company, or other form law of the states in which the Debtors and/or their affiliates are incorporated or formed, without any requirement of further action by the stockholders or directors of any such entities.

22.     Modifications.  Upon entry of this Order, the Debtors, the Liquidating Debtors, or the Plan Agent may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code, including, without limitation, to remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.  A holder of a Claim that has adopted the Plan shall be deemed to have accepted the Plan as modified if the proposed modification does not materially and adversely change the treatment of the Claim of such holder.

23.     Payment of Statutory Fees.  On the Effective Date, all fees payable under section 1930 of chapter 123 of title 28 of the United States Code, as determined by the Court at the Confirmation Hearing, shall be paid.

24.     Post-Confirmation Date Professional Fees and Expenses.  From and after the Confirmation Date, the Liquidating Debtors, shall, in the ordinary course of business and

without the necessity for any approval by the Court, pay the reasonable fees and expenses of professional persons thereafter incurred by them or the Plan Agent.

      25.    <u>Exemption from Transfer Taxes</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, any merger agreements or agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

      26.    <u>Local Taxing Authorities' Claims</u>.  Allowed claims of Ad Valorem Taxing Authorities shall receive interest from the Petition Date until paid in full at the statutory rate of 12% per annum as required by 11 USC § 511.  The liens securing the allowed claims of Ad Valorem Taxing Authorities, for both pre- and post-petition tax years, shall remain in full force and effect against its collateral until such time as all taxes, including accrued interest, have been paid.

      27.    <u>Payment and Treatment of Texas Comptroller's Claims</u>.  Notwithstanding anything to the contrary in the Plan or Confirmation Order, on the later of the Effective Date or the date on which the Comptroller's Priority Tax Claims become Allowed Priority Tax Claims, the Comptroller shall receive on account of such Allowed Priority Tax Claims, in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, regular installment payments in Cash or a lump-sum Cash payment: (a) of a total value, as of the Effective Date, equal to the Allowed amount of such Claims; plus (b) interest to accrue on any outstanding balance of such Allowed

Priority Tax Claims starting on the Effective Date at the rate of interest determined under applicable non-bankruptcy law pursuant to section 511 of the Bankruptcy Code. The current rate of interest on delinquent Texas taxes is 4.25% in accordance with Tex. Tax Code Section 111.060. Upon written request from the Plan Agent to the Texas Comptroller, the Texas Comptroller shall timely provide the Plan Agent with a payoff statement for the total amounts due on the Comptroller's Priority Tax Claims as calculated in this paragraph.

28.     Notwithstanding anything to the contrary in the Plan or Confirmation Order, the penalty portion of the Comptroller's Allowed Priority Tax claims shall be allowed and treated as Allowed General Unsecured Claims and, upon written request from the Plan Agent to the Texas Comptroller, the Texas Comptroller shall clearly identify the penalty portion the Comptroller's Allowed Priority Tax claims.

29.     Notwithstanding anything to the contrary in the Plan or the Confirmation Order, the confirmation of the Plan does not affect any setoff rights of the Comptroller or the Debtors and such rights, if any, and any defenses the Comptroller or the Debtors may have thereto, are expressly preserved pursuant to section 553 of the Bankruptcy Code. Upon written request from the Plan Agent to the Texas Comptroller, the Texas Comptroller shall timely provide the Plan Agent with a statement of the overpayments (if any) paid by the Debtors to the Texas Comptroller and work with the Plan Agent to expedite processing a return of the overpayment.

30.     Notwithstanding anything to the contrary in the Plan or Confirmation Order, any installment payments made to the Comptroller  pursuant to section 1129(a)(9)(C) of the Bankruptcy Code shall be in equal monthly Cash payments with interest beginning on the first day of the calendar month immediately following the Effective Date, or the date on which a

22

Priority Tax Claim becomes an Allowed Priority Tax Claim, whichever is later, and subsequently on the first day of each month thereafter, over a period ending not later than 5 years after the Petition Date.

   31. Notwithstanding anything to the contrary in the Plan or Confirmation Order, if the Plan Agent fails to make an installment payment to the Comptroller on its Allowed Priority Tax Claims or Allowed General Unsecured Claims pursuant to the terms of the Plan and Confirmation Order, and if such failure is not cured within twenty (20) days following written notice to the Plan Agent, then the Comptroller may seek to enforce the entire amount of its claims and exercise any and all rights and remedies it may have under applicable non-bankruptcy law and seek such relief as may be appropriate in the Bankruptcy Court.

   32. <u>Provision Related to Settlement In Douglas Johnson's Chapter 11 Case</u>. In the event the Compromise and Settlement Agreement by and between Douglas R. Johnson and Melanie E. Johnson as approved by the Court in Case No. 08-36584, being Docket # 343 therein, is void as a result of there being insufficient funds for JBI and/or JBDI to distribute to Melanie E. Johnson the $2.4 million dollars out of the funds to be distributed to Douglas R. Johnson as a Class 6A and 6B creditor under the Joint Amended Plan of Reorganization confirmed herein, (i) nothing in this Confirmation Order or any provision thereof is dispositive of the rights, interests or claims of Melanie E. Johnson in and to the Class 6A and 6B claim of Douglas R. Johnson and/or the proceeds to be received thereon and, in the event that the Compromise and Settlement Agreement becomes void and of no further force or effect and (ii) no distribution of proceeds to Douglas R. Johnson will be made with respect to his Class 6A and 6B claim without further Order of this Court.

HOU:3106090.4

33.    No Effect on UVM Disputes.  On November 4, 2010, the Court entered its Order Establishing Procedure for Post-Closing Adjustments (the "Adjustments Order"). Pursuant to the Adjustments Order, the Debtors were directed to set aside and reserve funds in the amount of $780,000 for JBI and $1,070,000.00 for JBDI (collectively, the "Reserve Funds") for possible post-closing price adjustments related to (a) alleged discrepancies between the Debtors' inventory with respect to certain assets at the time that the Asset Purchase Agreement ("APA") was approved by this Court and the time of the entry of the Adjustments Order, and (b) the cost of advertising that UVM contends is necessary to educate the public about the need to rescan television sets from channel 54 to channel 55 to receive KLDT programming in Dallas (the "Missing Asset and Rescan Dispute"). Further, UVM contends that it has not received from the Debtors (or been granted access to take possession of) various assets that were purchased by UVM pursuant to the APA, and UVM further contends that there may be additional assets neither disclosed by the Debtors nor yet discovered by UVM (the "Undelivered Asset Dispute"). Notwithstanding anything to the contrary in the Plan or this Confirmation Order, the Reserve Funds shall remain in reserve and no amount of such Reserve Funds shall be distributed under the Plan or otherwise until the Missing Assets and Rescan Dispute has been resolved by stipulation between the parties and/or order of this Court. Confirmation of the Plan shall not prejudice any rights UVM has regarding the Missing Asset and Rescan Dispute and the Undelivered Asset Dispute, including without limitation, UVM's right to file an application for the allowance of an Administrative Expense Claim pursuant to Section 3.2 of the Plan.  The Debtors, the Liquidating Debtors, and the Plan Agent reserve their rights to object to any application for Administrative Expense Claim filed by UVM.  Upon entry of an order resolving the Missing Asset and Rescan Dispute, adjusting the APA purchase price, as necessary, and

distributing any amounts determined by the Court to be owed to UVM from the Reserve Funds, all remaining Reserve Funds shall be distributed according to the Plan

34.  Binding Effect. The Plan shall be binding upon and inure to the benefit of the Debtors, the holders of Claims and Equity Interests, and their respective successors and assigns, including, without limitation, the Liquidating Debtors.

35.  Notice of Effective Date. As soon as practicable after the occurrence of the Effective Date, the Debtors shall file notice of the occurrence of the Effective Date and shall serve a copy of same on all parties entitled to receive notice in these Chapter 11 Cases.

36.  Record Date. The Record Date with respect to the purpose of determining the holders of Allowed Claims shall be April 11, 2011.

37.  Substantial Consummation. On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

38.  Governing Law. Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas without giving effect to the principles of conflict of laws thereof.

39.  Conflicts Between Order and Plan. The provisions of the Plan and this Order shall be construed in a manner consistent with each other so as to effect the purpose of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Order that cannot be so reconciled, then solely to the extent of such inconsistency, the provisions of this Order shall govern and any provision of this Order shall be deemed a modification of the Plan and shall control and take precedence. The

25

Case 08-36583    Document 754    Filed in TXSB on 04/11/2011    Page 26 of 26

provisions of this Order are integrated with each other and are non-severable and mutually dependent.

      40.    <u>Final Order</u>. This Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

      41.    <u>Modifications to the Plan</u>. The modifications to the Plan set forth in this Order constitute non-material changes and do not materially adversely affect or change the treatment of any Claims or Equity Interests. Accordingly, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

Signed this 11th day of _____April_____, 2011.

_____
THE HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE